UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST GODFREY LOGAN, Jr.,

Plaintiff,

v.

CVS PHARMACY,

Defendant.

No. 2:26-cv-00929-DAD-SCR

ORDER TO SHOW CAUSE

Plaintiff, proceeding pro se, filed a complaint and motion to proceed in forma pauperis on March 16, 2026. ECF Nos. 1 & 2. This matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). For the following reasons, the Court will direct Plaintiff to show cause why this action should not be transferred to the United States District Court for the Central District of California or dismissed based on improper venue.

Plaintiff lists his address as Los Angeles, California. ECF No. 1 at 1. Plaintiff names one defendant, CVS Pharmacy ("CVS"), with a Los Angeles address. *Id.* at 1. Plaintiff alleges he has been purchasing lottery tickets and having prescriptions filled at the CVS for over twenty years. *Id.* at 5. Plaintiff complains of the actions of CVS employees in stealing his money and medications. *Id.* at 5-6.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the

district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, Defendant CVS is alleged to be in Los Angeles, and Plaintiff also has a Los Angeles address. Further, it appears that the events or omissions giving rise to the claim occurred at or near a CVS store in Los Angeles. The complaint's allegations do not establish that a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2). It may be that CVS could be deemed to "reside" in this District, but Plaintiff has not made allegations showing as much. *See* 28 U.S.C. § 1391(c)(2). Even if venue is proper in this District, the Court may exercise its discretion to transfer the action pursuant to 28 U.S.C. § 1404(a). The actions of which Plaintiff complains occurred in Los Angeles, and the CVS employees allegedly involved worked at the Los Angeles store. Thus, for the convenience of the parties and in the interests of justice, transfer to the Central District of California appears to be appropriate.

As the Defendant has not appeared and has not waived a challenge to venue, the Court may raise the issue sua sponte. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Where an action is filed in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case" to a district where it could have been brought. *Id.*, citing 28 U.S.C. § 1406(a). A court may also sua sponte transfer venue under section 1404(a). *See Washington Pub. Utilities Grp. V. U.S. Dist. Ct. for W. Dist. of Washington*, 843 F.2d 319, 326 (9th Cir. 1987) ("[S]ection 1404(a) does not expressly require that a formal motion be made before the court can decide that a change of venue is appropriate.").

Where venue is improper, transfer is generally preferred over dismissal where the plaintiff made an honest mistake as to where the suit could have been brought. *Gigena v. Rye*, 2023 WL 7286665 (E.D. Cal. Nov. 1, 2023); *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because normally dismissal of an

action that could be brought elsewhere is 'time consuming and justice-defeating.'") (internal citation omitted). Dismissal is appropriate when the case was deliberately filed in the wrong court through forum shopping, *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1523 (9th Cir. 1983), or if it is clear the complaint could not be amended to state a cognizable claim, *see generally Lemon v. Kramer*, 270 F.Supp.3d 125, 140 (D. D.C. 2017).

Here, Plaintiff has filed numerous actions in the wrong venue. *See, e.g., Logan v. Food 4 Less*, 24-cv-03345-DAD-AC; *Logan v. Mobile Gas Station*, 25-cv-01906-DJC-SCR; *Logan v. ACE Cash Express*, 25-cv-02260-TLN-SCR; *Logan v. Metro Transit Assoc*., 25-02551-DAD-SCR; *Logan v. Panda Express*, 25-cv-02565. Plaintiff has previously been cautioned about this practice. See *Logan v. Metro Phone Telecommunications*, 26-cv-00242-TLN-SCR, at ECF No. 3 ("The sheer number of cases erroneously filed in this District raises that prospect that Plaintiff is purposely filing cases in the wrong venue, and perhaps future such cases should be dismissed rather than transferred."); *Logan v. Citibank*, 26-cv-01542-DC-AC, at ECF No. 3 (noting Plaintiff's pattern of repeatedly filing cases in the wrong venue and observing that "[a]t this point, plaintiff is well aware that he is filing in the improper venue"). Given the number of cases that Plaintiff has filed in the wrong district, perhaps dismissal rather than transfer is appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff shall show cause, in writing, within **21 days of the date of this order** why this case should not be transferred or dismissed for improper venue. Plaintiff shall file a memorandum, not to exceed 10 pages, that addresses: 1) whether venue is proper under 28 U.S.C. § 1391; and 2) if Plaintiff contends venue is proper, whether venue should be transferred in the interests of justice pursuant to 28 U.S.C. § 1404(a).
2. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

////

////

////

3. Failure to respond to this Order will result in an order of transfer or a recommendation that the action be dismissed pursuant to Fed. R. Civ. P. 41 and Local Rule 110.

DATED: July 23, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE