UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST GODFREY LOGAN, Jr.,

Plaintiff,

v.

CVS PHARMACY,

Defendant.

No. 2:26-cv-00929-DAD-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff, proceeding pro se, filed a complaint and motion to proceed in forma pauperis on March 16, 2026. ECF Nos. 1 & 2. This matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The Court now recommends the action be dismissed for improper venue and for failure to comply with the Court's order to show cause.

**I. Background and Procedural History**

Plaintiff filed a complaint and motion to proceed in forma pauperis on March 16, 2026. ECF Nos. 1 & 2. The complaint lists Plaintiff's address as Los Angeles, California. ECF No. 1 at 1. Plaintiff names one defendant, CVS Pharmacy ("CVS"), with a Los Angeles address. *Id.* at 1. Plaintiff alleges he has been purchasing lottery tickets and having prescriptions filled at the CVS for over 20 years. *Id.* at 5. Plaintiff complains of the actions of CVS employees in stealing his money and medications. *Id*. at 5-6.

On July 24, 2026, the Court issued an order to show cause ("OSC") which directed

Plaintiff to respond within 21 days and address why the action should not be transferred or dismissed for improper venue. ECF No. 3. The OSC cautioned that failure to respond may result in dismissal pursuant to Federal Rule of Civil Procedure 41 and Local Rule 110. Plaintiff's response was due by August 14, 2026. No response was filed.

**II. Analysis**

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, Defendant CVS is alleged to be in Los Angeles, and Plaintiff also has a Los Angeles address. Further, it appears that the events or omissions giving rise to the claim occurred at or near the CVS store in Los Angeles. The complaint's allegations do not establish that a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2). It may be that CVS could be deemed to "reside" in this District, but Plaintiff has not made allegations demonstrating as much. *See* 28 U.S.C. § 1391(c)(2).

As the Defendant has not appeared and has not waived a challenge to venue, the Court may raise the issue of venue sua sponte. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Where an action is filed in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case" to a district where it could have been brought. *Id.*, citing 28 U.S.C. § 1406(a). A court may also sua sponte transfer venue under section 1404(a). *See Washington Pub. Utilities Grp. V. U.S. Dist. Ct. for W. Dist. of Washington*, 843 F.2d 319, 326 (9th Cir. 1987) ("[S]ection 1404(a) does not expressly require that a formal motion be made before the court can decide that a change of venue is appropriate.").

Where venue is improper, transfer is generally preferred over dismissal where the plaintiff made an honest mistake as to where the suit could have been brought. *See Gigena v. Rye*, 2023

WL 7286665 (E.D. Cal. Nov. 1, 2023); *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice-defeating.'") (internal citation omitted). Dismissal is appropriate when the case was deliberately filed in the wrong court through forum shopping, *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1523 (9th Cir. 1983), or if it is clear the complaint could not be amended to state a cognizable claim, *see generally Lemon v. Kramer*, 270 F.Supp.3d 125, 140 (D. D.C. 2017).

Here, Plaintiff has filed numerous actions in the wrong venue. *See, e.g., Logan v. Food 4 Less*, 2:24-cv-03345-DAD-AC; *Logan v. Mobile Gas Station*, 2:25-cv-01906-DJC-SCR; *Logan v. ACE Cash Express*, 2:25-cv-02260-TLN-SCR; *Logan v. Metro Transit Assoc*., 2:25-02551-DAD-SCR; *Logan v. Panda Express*, 2:25-cv-02565. The Court has cautioned about this practice. *See Logan v. Metro Phone Telecommunications*, 2:26-cv-00242-TLN-SCR, at ECF No. 3 (Feb. 10, 2026) ("The sheer number of cases erroneously filed in this District raises that prospect that Plaintiff is purposely filing cases in the wrong venue, and perhaps future such cases should be dismissed rather than transferred."); *Logan v. Citibank*, 2:26-cv-01542-DC-AC, at ECF No. 3 (Apr. 17, 2026) (noting Plaintiff's pattern of repeatedly filing cases in the wrong venue and observing that "[a]t this point, plaintiff is well aware that he is filing in the improper venue."). Given the number of cases that Plaintiff has filed in the wrong district, the Court finds that dismissal rather than transfer is appropriate. Additionally, the Court recommends dismissal pursuant to Federal Rule of Civil Procedure 41 and Local Rule 110 based on Plaintiff's failure to respond to the OSC.

III. **Conclusion**

Accordingly, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's motion to proceed IFP (ECF No. 2) be DENIED;
2. Plaintiff's complaint be dismissed; and
3. The Clerk be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14)**

**days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: September 2, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE